UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| DIVERSICARE OF NICHOLASVILLE, LLC d/b/a Diversicare of Nicholasville; DIVERSICARE HEALTHCARE SERVICES, INC.; DIVERSICARE MANAGEMENT SERVICES CO.; DIVERSICARE LEASING COMPANY II, LLC; and ADVOCAT FINANCE, INC. | CIVIL NO. 5:16-111-KKC |
| **Plaintiffs,** | |
| V. | OPINION AND ORDER |
| GLEN LOWRY, as administrator of the estate of Gladys Lowry, deceased, and on behalf of the wrongful death beneficiaries of Gladys Lowry | |
| **Defendant.** | |

This matter is before the Court on the defendant's motion to dismiss (DE 6).

The defendant in this action – Glenn Lowry acting on behalf of his mother's estate and on behalf of "the wrongful death beneficiaries" of his mother – previously filed suit against the plaintiffs in Jessamine Circuit Court. The plaintiffs own or operate the nursing home where Glenn's mother, Gladys, resided at the time of her death. In the state court action, Lowry alleges that the defendants' negligence caused certain injuries to his mother including her death. Lowry asserts claims for negligence on behalf of the estate and a claim for wrongful death.

The plaintiff nursing home operators then filed this federal action, alleging that the parties agreed to arbitrate all disputes between them and asking this Court to compel Lowry to arbitrate his state-court claims. With this motion to dismiss, Lowry argues that this action must be dismissed because the admission agreement between certain of the parties provides that "Jessamine County, Kentucky shall be the sole and exclusive venue

for any litigation, special proceeding, or any other proceeding between the parties that may arise out of, in connection with, or by reason of this Agreement." (DE 6-2, Admission Agreement, § VIII(F)).

The arbitration agreement that the nursing home operators seek to enforce is a separate document from the admission agreement. However, the arbitration agreement expressly provides that it is "an addendum to and part of the Admission Agreement." (DE 1-1, Arbitration Agreement, § I.) Accordingly, Lowry argues that the arbitration agreement is governed by the forum-selection clause contained in the admission agreement. The plaintiffs do not dispute this.

Thus, any action by the parties to the admission agreement to enforce the arbitration agreement must be filed in Jessamine County, Kentucky. Because there is no federal court located in Jessamine County, Kentucky, the forum-selection clause cannot be reasonably interpreted to permit the signatories to the admission agreement to file this action in this court.

"The majority of courts addressing forum selection clauses with similar language have ruled that where venue is specified in a county that has no federal court, the clause cannot reasonably be interpreted to permit suit in federal court located in a different county." *Se. Commc'n Serv., Inc. v. Allstate Tower, Inc.*, No. CIV. A. 408CV-13-M, 2008 WL 1746638, at *2 (W.D. Ky. Apr. 14, 2008) (quoting *Travelers Property Casualty Co. of America v. Centimark, Corp.*, 2005 WL 1038842, *5 (S.D.Ohio May 3, 2005)); *Hasler Aviation, L.L.C. v. Aircenter, Inc.*, No. 1:06-CV-180, 2007 WL 2463283, at *3, n.4 (E.D. Tenn. Aug. 27, 2007) ("The vast majority of courts construe a forum selection clause specifying venue in a state county in which no federal district court sits as specifying venue only in state court in that county.") *See also Cornett v. Carrithers,* 465 F. App'x 841, 843 (11th Cir. 2012) (interpreting

clause providing that "the venue shall be Suwannee County[,] Florida" as requiring the action to be filed in state court because, "while Suwannee County, Florida, lies within the geographic region served by the Jacksonville Division of the Middle District, there is no federal court situated in Suwannee County, Florida."). *Compare All. Health Grp., LLC v. Bridging Health Options,* LLC, 553 F.3d 397, 400 (5th Cir. 2008) ("Accordingly, the clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county.")

"A forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).

> When evaluating the enforceability of a forum selection clause, this court looks to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust.

*Id*. "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id*.

The nursing home operators have not put forth any reason why the forum-selection clause should not be enforced here. Accordingly, the Court must enforce it. The parties to the admission agreement are Gladys Lowry, Glenn Lowry, and Diversicare of Nicholasville. (DE 6-2, Admission Agreement, § I.) Accordingly, Diversicare of Nicholasville's action to enforce the arbitration agreement must be dismissed.

There are four additional plaintiffs in this action. None of these four plaintiffs are signatories to either the admission agreement or the arbitration agreement. Nevertheless, the Court will also dismiss their claims. If they are bound by the admission agreement, then their claims must also be asserted in Jessamine County. If, on the other hand, the four

3

are not bound by the admission agreement, then they have no standing to enforce the arbitration agreement.

The Court emphasizes that this opinion finds only that the action to enforce the arbitration agreement must be filed in Jessamine County, Kentucky. That court will decide whether the claims asserted by Lowry in the state-court action must be arbitrated.

For all these reasons, the Court hereby ORDERS as follows:

1)  the motion to dismiss is GRANTED;

2)  the plaintiffs' claims are DISMISSED without prejudice;

3)   the plaintiffs may file an action to enforce the arbitration agreement in Jessamine County, Kentucky; and

4)  plaintiff's motion to compel (DE 4) and motion for preliminary injunction (DE 16) are DENIED as moot.


Dated July 6, 2016.


KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4